IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:15-CR-9-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LANN TJUAN CLANTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court *sua sponte* to memorialize oral rulings it made with respect to the government's exhibits (Nos. 1-10)[1] at the pretrial detention hearings herein and to set a deadline for the parties' submission of a proposed protective order relating to those exhibits and materials presented in future proceedings in this case.

In response to the government's request at the detention hearings, without objection from any defendant, and pending entry of a protective order, the court directed the clerk to file the government's exhibits under temporary seal. (*See* Minute Entries at D.E. 172, 173, 178, 180). It further directed the government to provide copies of the exhibits to defense counsel, which the government did, but directed defense counsel not to disseminate or make copies of them. (*Id.*). The court also directed that while defense counsel were permitted to show the contents of the exhibits to their clients in counsel's presence, no client was permitted to retain possession of any exhibit. (*Id.*).

Counsel for all the parties are hereby DIRECTED to confer and file by 22 May 2015 a proposed stipulated protective order or, in the event the parties cannot agree on the terms of a protective order, separate proposed protective orders. Each proposed protective order shall set

---

[1] The exhibit lists relating to these exhibits are located at: D.E. 189 (Gov.'s Exs. 1-5); D.E. 190 (Gov.'s Ex. 6); D.E. 191 (Gov.'s Exs. 7, 8); and D.E. 192 (Gov.'s Exs. 9, 10).

out the relief sought with respect to the foregoing exhibits and materials presented in future proceedings in this case, include such specific findings as are required under applicable law to justify the relief sought, and be accompanied by a supporting memorandum demonstrating the appropriateness of such relief. *See, e.g.*, *In re The Wall St. Journal*, No. 15-1179, 2015 WL 925475, at *1-2 (4th Cir. 5 Mar. 2015) (ordering vacatur of sealing and gag order).[2] The proposed protective order(s) and supporting memorandum (or memoranda) shall comply with the pertinent provisions of Local Criminal Rule 55.2, E.D.N.C. and Section T of the court's CM/ECF Administrative Policies and Procedures Manual.

SO ORDERED, this the 13th day of May 2015.

_____
James E. Gates
United States Magistrate Judge

---

[2] The court stated:

> The public enjoys a qualified right of access to criminal trials, *see Richmond Newspapers v. Virginia*, 448 U.S. 555, 580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); pretrial proceedings, *see Press–Enter. Co. v. Super. Ct.*, 478 U.S. 1, 14, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) ("Press–Enterprise II"); and "documents submitted in the course of a trial," including documents filed in connection with a motion to dismiss an indictment and other pretrial filings. *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir.1999); *see also In re Charlotte Observer*, 882 F.2d at 852. Where the right of an accused to a fair trial is at stake, the public will not be denied access absent "specific findings ... demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Press–Enterprise II*, 478 U.S. at 14.
>
> Having carefully reviewed the record, although we commend the district court's sincere and forthright proactive effort to ensure to the maximum extent possible that [the defendant's] right to a fair trial before an impartial jury will be protected, we are constrained to conclude that the order entered here cannot be sustained. *See id. See also In re Morrissey*, 168 F.3d 134, 139–40 (4th Cir.1999); *In re Russell*, 726 F.2d 1007, 1010 (4th Cir.1984); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 562, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).

*In re The Wall St. Journal*, 2015 WL 925475, at *1-2.