IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| 2:15-CR-9-H-1 | 2:15-CR-9-H-8 |
| 2:15-CR-9-H-2 | 2:15-CR-9-H-9 |
| 2:15-CR-9-H-3 | 2:15-CR-9-H-10 |
| 2:15-CR-9-H-4 | 2:15-CR-9-H-11 |
| 2:15-CR-9-H-5 | 2:15-CR-9-H-13 |
| 2:15-CR-9-H-6 | 2:15-CR-9-H-14 |
| 2:15-CR-9-H-7 | |

UNITED STATES OF AMERICA,           )
                                    )
   v.                               )
                                    )
LANN TJUAN CLANTON,                 )
IKEISHA JACOBS,                     )
JASON BOONE,                        )
WARDIE VINCENT JR.,                 )
ADRIENNE MOODY,                     )
CORY JACKSON,                       )    **ORDER**
JIMMY PAIR JR.,                     )
CURTIS BOONE,                       )
ANTONIO TILLMON,                    )
ALANIA SUE-KAM-LING,                )
KAVON PHILLIPS,                     )
ALPHONSO PONTON, and                )
THOMAS JEFFERSON ALLEN II,          )
     Defendants.                    )

This matter is before the court on defendants' appeals of or motions to revoke Magistrate Judge James E. Gates' orders of detention pending trial. [D.E. ##194, 197-98, 203, 205-07, 209-10, 212-14, and 216]. The government has filed a response, and this matter is ripe for adjudication.

## BACKGROUND

On April 22, 2015, a fifty-four count indictment was returned against defendants. At the time of their arrest on the instant charges, all of the above-captioned defendants were current law enforcement officials.[1]

The offenses charged in the indictment are: conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine from about 7 November 2013 until the date of the indictment, in violation of 21 U.S.C. §§ 841(a)(1) and 846; conspiracy to use and carry firearms during and in relation to drug-trafficking crimes from about November 7, 2013, until the date of the indictment, in violation of 18 U.S.C. § 924(o); attempted Hobbs Act extortion by wrongful use of force, violence, or fear, in violation of 18 U.S.C. § 1951; use and carrying of a firearm during and in relation to Hobbs Act extortion, in violation of 18 U.S.C. § 924(c)(1)(A); attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) or (ii), and 846, and, in some counts, 18 U.S.C. § 2; use and carrying of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and, in some counts, § 2; money

---

[1] The two co-defendants, Crystal Pierce and Tosha Dailey, who were released and not subject to the order of detention issued by Magistrate Judge Gates were not current law enforcement officials. These defendants will not be referred to when "defendants" is used herein.

laundering, in violation of 18 U.S.C. § 1956(a)(3)(B); and bribery, in violation of 18 U.S.C. § 666(a)(1)(B). (See Indict.; Summary of Charges for Initial Appearance (D.E. 107-1) (setting out in chart format the charges as to each defendant and related information)).

The mandatory minimum sentences for the defendants on the drug and § 924(c) counts are 90 years for Lann Tjuan Clanton; 65 years for Jason Boone, Cory Jackson, Jimmy Pair Jr., and Curtis Boone; 40 years for Ikeisha Jacobs, Wardie Vincent Jr., Adrienne Moody, Antonio Tillmon, Alaina Sue-Kam-Ling, Kavon Phillips, and Alphonso Ponton; and 10 years for Thomas Jefferson Allen II.

The Pretrial Services Report (hereinafter "PSR") recommended release on conditions for Mr. Vincent, Mr. Pair, Mr. Curtis Boone, Mr. Tillmon, and Mr. Ponton. [D.E. ##156, 159, 164, 168-69]. The PSR recommended detention for the remaining defendants. [D.E. ##152-54, 157, 160, 163, 174-75]. Each of the defendants appeared before Magistrate Judge Gates for a detention hearing between May 6 and May 8, 2015. Following the hearings, Magistrate Judge Gates entered an oral order of detention pending trial as to each defendant which he subsequently reduced to writing in an order issued May 12, 2015. [D.E. #195]. Defendants request that the district court reverse the decision of Magistrate Judge Gates.

## COURT'S DISCUSSION

Following entry of an order of detention pending trial by a magistrate judge, the defendant may file a motion for revocation of the order to be reviewed by a district court judge. 18 U.S.C. § 3145(b). The district court must then conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989). In its review, the district court makes an independent determination as to whether the magistrate judge's findings are correct. See United States v. Williams, 753 F.2d 329, 333-34 (4th Cir. 1985). The court may, in its discretion, conduct a further evidentiary hearing. See id., at 333.

Pre-trial detention must be ordered when, after hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). The government bears the burden to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. 18 U.S.C. § 3142(f). In consideration of whether any conditions of release will reasonably assure a defendant's attendance at trial, however, the government need only prove that no such set of conditions exists by a "preponderance of the evidence." United States v. Stewart, 19 F.App'x 47, 47 (4th Cir.

4

2001) (citing <u>United States v. Hazime</u>, 762 F.2d 34, 37 (6th Cir. 1985)).

Having completed a thorough review of Magistrate Judge Gates' detention order, as well as the PSRs, a complete recording of the detention hearings, defendants' motions and memoranda, and the government's response, this court finds that no further evidentiary hearing is necessary. After careful review of the foregoing, this court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial, and by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of the defendants as required before trial if they are released. Consequently, this court finds no reason to alter the decision of the magistrate judge.

## **CONCLUSION**

Therefore, defendants' appeals of or motions to revoke Magistrate Judge Gates' order of detention pending trial, [D.E. ##194, 197-98, 203, 205-07, 209-10, 212-14, and 216], are hereby DENIED.

This G^ä day of June 2015.

_____
Malcolm J. Howard
Senior United States District Judge

5