IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| 2:15-CR-9-H-1 | 2:15-CR-9-H-8 |
|---|---|
| 2:15-CR-9-H-2 | 2:15-CR-9-H-9 |
| 2:15-CR-9-H-3 | 2:15-CR-9-H-10 |
| 2:15-CR-9-H-5 | 2:15-CR-9-H-11 |
| 2:15-CR-9-H-6 | 2:15-CR-9-H-13 |
| 2:15-CR-9-H-7 | 2:15-CR-9-H-14 |

UNITED STATES OF AMERICA,  )
    v.  )
LANN TJUAN CLANTON,  )
IKEISHA JACOBS,  )
JASON BOONE,  )
ADRIENNE MOODY,  )
CORY JACKSON,  )    **ORDER**
JIMMY PAIR JR.,  )
CURTIS BOONE,  )
ANTONIO TILLMON,  )
ALANIA SUE-KAM-LING,  )
KAVON PHILLIPS,  )
ALPHONSO PONTON, and  )
THOMAS JEFFERSON ALLEN II,  )
    Defendants.  )

This matter is before the court on its own motion pursuant to 18 U.S.C. § 3142(f)(2) to reopen the matter of detention as to the above-captioned defendants.

Although a district court is generally without authority to take any adjudicatory action related to a matter on appeal, United States v. Archambault, 240 F.Supp.2d 1082, 1083-84 (D.S.D. 2002), the same statute which expressly authorizes the district court to impose conditions upon release pending appeal,

18 U.S.C. § 3142, implicitly authorizes the court to make such amendment to these conditions as circumstances may necessitate. Id. at 1084 (citing United States v. Black, 543 F.2d 35, 37 (7th Cir. 1976). Additionally, 18 U.S.C. § 3142(f)(2) expressly authorizes a trial court to reopen the detention hearing "at any time before trial" if the judicial official becomes apprised of new information material to the issue of detention. 18 U.S.C. § 3142(f)(2); see Archambault, 240 F.Supp.2d at 1084.

Apart from the provisions contained in 18 U.S.C. § 3142(f), the court finds the detention issue must be reopened to examine more fundamental constitutional concerns which became apparent to this court at the August 18, 2015, hearing on defendants' motion to continue arraignment. An examination of due process implications arising from defendants' continued detention is warranted based on defendants' limited or burdened access to counsel and discovery information due to prison policies and an existing protective order.

The court, therefore, **schedules a detention hearing for the above-captioned defendants on Tuesday, September 1, and Wednesday September 2, 2015 at 9:00 a.m. at the United States Courthouse in Greenville, North Carolina**. The clerk is directed to issue a calendar setting the hearing for six defendants on Tuesday and the remaining six defendants on Wednesday. At this hearing, the court will consider inter alia: (1) seriousness of

the charges; (2) defendants' risk of flight or danger to the community; (3) strength of government's case on the merits; (4) length and nature of detention; (5) complexity of the case; and (6) whether the strategy of one side or the other has added needlessly to that complexity. See Archambault 240 F.Supp.2d at 1085 (relying in part upon United States v. Zannino, 798 F.2d 544, 547 (1st Cir. 1986), and United States v. Accetturo, 783 F.2d 382, 388 (3rd Cir. 1986)).

This 19TH day of August 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

3