UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:15-CR-9-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LANN TJUAN CLANTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court *sua sponte*. By order entered 13 May 2015 (D.E. 196), the court directed the parties to submit a joint proposed order or separate proposed orders addressing, among other matters, whether the government's exhibits at the detention hearings in this case on 6-8 May 2015 (*see* D.E. 172, 173, 177-80) should remain under seal. None of the parties discussed in their responses to the order (*see* D.E. 211, 220, 223) what may be the governing standard:

> Once . . . evidence has become known to the members of the public . . . through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction.

*In re Associated Press*, 172 Fed. Appx. 1, 5 (4th Cir. 2006) (quoting *United States v. Myers*, 635 F.2d 945, 952 (2d Cir. 1980)). While *Associated Press* dealt expressly with public access to evidence at trial, *Myers*, upon which it relies, applied, in part, to pretrial disclosure of evidence. Specifically, *Myers* held that the risk of tainting prospective jurors in the trial of certain defendants was not an adequate justification for sealing exhibits publicly disclosed at a prior trial of other defendants. *Myers*, 635 F.2d at 953-54. In the instant case, the government relied on avoidance of tainting prospective jurors as a ground for continued sealing of many of the exhibits it introduced at the detention hearings. (Gov.'s Mot. to Seal Detention Hrg. Exs. (D.E. 224) 4-5).

The government also relied on *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978), which barred the public copying of certain Watergate tapes introduced publicly at a trial. As *Myers* pointed out, however, that decision rested on legislation restricting public access to the Watergate tapes. *Myers*, 635 F.2d at 950.

The exhibits (D.E. 195-1) to the court's 12 May 2015 order of detention (D.E. 195) are essentially compilations of information that was publicly disclosed at the hearing or in related public filings. The fact that these exhibits comprise part of the court's ruling may affect the right of public access to them. *See*, *e.g.*, *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 291 (4th Cir. 2013) (setting out test for application of First Amendment right of access to judicial records). The issue of continued retention under seal of these exhibits to the order has not been briefed by the parties.

To provide the parties a full opportunity to address the continued sealing of the exhibits at issue and to fully develop the record on this issue, IT IS ORDERED that the government shall file by 6 November 2015 a supplemental memorandum addressing the continued retention under seal of the exhibits it introduced at the detention hearings and the exhibits to the court's detention order. Any defendant may file a response to the government's supplemental memorandum within 14 days after its service on the defendant.

SO ORDERED, this 23rd day of October 2015.

_____
James E. Gates
United States Magistrate Judge