UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:15-CR-9-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LANN TJUAN CLANTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court for ruling on whether the exhibits the government introduced at the detention hearings on 6-8 May 2015 (*see* Ex. Lists at D.E. 189, 190, 191, 192) and the exhibits (D.E. 195-1) to the court's 12 May 2015 order of detention (D.E. 195) will remain under seal. Pursuant to the court's 26 October 2015 order (D.E. 389), the government submitted a supplemental memorandum (D.E. 397) on this issue. The government had previously filed a motion[1] (D.E. 224) asking that the exhibits remain under seal. No defendant filed a response to the government's supplemental memorandum, and the time within which to do so has expired.

In its 26 October 2015 order, the court directed the government to address whether, under applicable law, the exhibits at issue could properly remain sealed given that they were publicly disclosed at the detention hearings, admitted into evidence, and relied upon by the court in making its ruling on the motions for detention. *See In re Associated Press*, 172 Fed. Appx. 1, 4 (4th Cir. 2006) (holding that "it would take the most extraordinary circumstances to justify" the sealing of evidence presented in a public session of court (quoting *United States v. Myers*, 635 F.2d 945, 952 (2d Cir. 1980))). In its supplemental memorandum, the government states only that it "defers to the Court's discretion on the question of whether to unseal the

---

[1] The motion was not docketed as such, but rather as a response to the court's 13 May 2015 order (D.E. 196), which directed the parties to submit one or more proposed protective orders regarding the future handling, including sealing status, of the exhibits at issue.

exhibits." (Supp. Mem. 1). But the party seeking to seal judicial records bears the burden of demonstrating that sealing is justified under applicable law. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) ("The burden to overcome a First Amendment right of access [to judicial records] rests on the party seeking to restrict access, and that party must present specific reasons in support of its position."); *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (holding that "the party seeking to overcome the presumption [of access to judicial records] bears the burden of showing some significant interest that outweighs the presumption"). The government has therefore failed to justify the continued sealing of the exhibits at issue.

Nonetheless, Fed. R. Crim. P. 49.1 authorizes the retention under seal of filings with specified protected personal information subject to the public filing of redacted versions of such filings omitting the protected information. Fed. R. Crim. P. 49.1(a), (d). While the exhibits to the court's detention order do not contain protected information, at least some of the government's detention hearing exhibits do, including but not necessarily limited to Exhibits 7 and 9.

IT IS THEREFORE ORDERED as follows:

1. The government's motion (D.E. 224) is DENIED.

2. No later than 18 December 2015, the government shall hand deliver to the Clerk copies of its detention hearing exhibits (*see* Ex. Lists at D.E. 189, 190, 191, 192) that have been redacted in accordance with Rule 49.1. The Clerk is directed to make an appropriate entry in the docket reflecting such delivery.

3. The Clerk is directed to maintain the redacted versions of the government's detention hearing exhibits in the public record of this case, but to permanently seal the unredacted versions.

4. The Clerk is directed to unseal the exhibits (D.E. 195-1) to the court's 12 May

2015 order of detention.

    This 3rd day of December 2015.

                                                                                      _____
                                                                                   James E. Gates
                                                                                   United States Magistrate Judge