IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:15-CR-09-FL
No. 2:23-CV-48-FL

LANN TJUAN CLANTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM AND RECOMMENDATION**

This matter comes before the court on Petitioner Lann Tjuan Clanton's ("Clanton") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [DE-1059], and the Government's motion to dismiss, [DE-1069]. Clanton filed a response to the Government's motion, the Government replied, and Clanton filed a surreply without leave of court. [DE-1074, -1090, -1091]. The matter is thus fully briefed and ripe for decision. For the reasons stated below, it is recommended that the motion to dismiss be allowed and the petition be dismissed.

**I.    Procedural History**

A Grand Jury sitting in the Eastern District of North Carolina charged Clanton in a fifty-four-count multi-defendant indictment with conspiracy to possess and distribute with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846; conspiracy to use and carry firearms during and in relation to drug trafficking offenses in violation of 18 U.S.C. § 924(o); attempted Hobbs Act extortion by wrongful use of force, violence or fear in violation of 18 U.S.C. § 1951; using and carrying a firearm during and in relation to Hobbs Act extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. § 924(c)(1)(A); attempted

possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846; money laundering in violation of 18 U.S.C. §§ 1956(a)(3)(B) and 2 (three counts); attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, and 18 U.S.C. § 2 (two counts); money laundering in violation of 18 U.S.C. §§ 1956(a)(3)(A) and 2; attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846, and 18 U.S.C. § 2 (five counts); and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (three counts). [DE-1]. Clanton was later charged in a superseding information with conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846; and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A). [DE-464]. Clanton, with the assistance of counsel, waived indictment and pleaded guilty to the charges listed in the superseding information pursuant to the terms of a written plea agreement. [DE-482 to -484, -878]. The court then dismissed the indictment's charges against Clanton and sentenced him to 195 months' imprisonment and five years' supervised release. [DE-802, -879].

Clanton filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 14, 2018, claiming *inter alia* that counsel failed to file an appeal of Clanton's sentence despite Clanton's request that he do so. [DE-876] at 8. After holding an evidentiary hearing on the issue, [DE-1014], the court ultimately granted the petition on those grounds, vacated Clanton's judgment of conviction, and directed the clerk to enter a new judgment that Clanton could appeal, [DE-1020 to -1022, -1025]. Clanton, with the assistance of counsel, subsequently filed a notice of appeal of the amended judgment of conviction. [DE-1023]. The

Court of Appeals affirmed the amended criminal judgment, finding that Clanton knowingly and voluntarily waived his right to appeal and that the role enhancement Clanton sought fell "squarely within the scope of his waiver of appellate rights." [DE-1036]. Clanton then timely filed the instant § 2255 petition seeking to vacate his guilty plea to Count Two of the superseding information. [DE-1059]. The Government moved to dismiss Clanton's petition, [DE-1069]; Clanton responded, [DE-1074]; the Government replied, [DE-1090]; and Clanton filed a surreply without leave of court, [DE-1091].

## II. Standard of Review

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164–65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (citations omitted). Where a petitioner seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure[.]" *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to

3

establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-97-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. *See* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from

4

the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. Analysis

Count One of the superseding information reads as follows:

> Beginning on or about November 7, 2013, and continuing to on or about April 30, 2015, in the Eastern District of North Carolina and elsewhere, the defendant, LANN TJUAN CLANTON, did knowingly and intentionally conspire, combine, confederate, and agree with other persons, known and unknown, to knowingly and intentionally distribute and possess with the intent to distribute heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[DE-464] at 1. Count Two of the superseding information states:

> On or about February 24, 2014,[1] in the Eastern District of North Carolina and elsewhere, the defendant, LANN TJUAN CLANTON, did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841 (a) (1) and 846, as alleged in Count One of this Information, and did possess said firearm in furtherance of said drug trafficking crime.

*Id.* at 2 (footnote added).

In his petition, Clanton asserts that his trial counsel was ineffective by failing to object to the Government's proffer of facts supporting Count Two at his plea hearing on the grounds that the proffered facts were erroneous ("Claim I") and "insufficient to prove that Clanton used or carried a firearm during and in relation to a 'Drug Trafficking Crime'" ("Claim II"). Pl.'s Mem. [DE-1060] at 4–14. Specifically, in Claim I, Clanton argues that the Government was required to proffer that Clanton used or carried a firearm during and in relation to the conduct charged in Count

---
[1] As the Government addresses in its motion, there appear to be scrivener's errors among the various plea documents and PSR. The indictment charged Clanton with violating § 924(c) on or about February 24, 2015 in Count 43, [DE-1] at 46; the superseding information lists the date as on or about February 24, 2014, [DE-464] at 2; the plea agreement states February 24, 2015, [DE-484] at 5; and the PSR includes both the 2014 and 2015 dates, [DE-664] ¶¶ 12, 19, 39–41. In any event, the error is not fatal, as explained below.

5

One between the dates of November 7, 2013 and April 30, 2015, but instead proffered facts surrounding an event that happened on August 22, 2013. *Id.* at 4–10. According to Clanton, at his plea hearing, the Government falsely stated that the predicate event occurred on February 24, 2014, and Clanton's counsel knew that this date was incorrect but failed to object. *Id.* In fact, when Clanton raised the issue with his counsel before the plea hearing, counsel allegedly told Clanton that "the date of the robbery [the predicate event] didn't matter" and instructed him to "just agree that you did it." *Id.* at 10. Additionally, when Clanton attempted to raise the issue with counsel a second time at the plea hearing, counsel allegedly advised him, "don't worry about it." *Id.*

In Claim II, Clanton argues that while he did use a firearm to take $10,000 cash from an undercover FBI agent on August 22, 2013, he did not do so "during and in relation to a drug trafficking crime" as required by the charge. *Id.* at 11–14. Clanton emphasizes that the predicate conspiracy in Count One took place between November 7, 2013 and April 30, 2015, and that the robbery of the undercover agent (who he believed to be a drug courier) was in no way related to or in furtherance of the conspiracy to distribute illegal drugs three months later. *Id.* Clanton explains that another undercover agent informed him that a drug courier would be in a hotel room with $10,000 cash, and Clanton went to the hotel room with a firearm for the cash and did not leave with any illicit drugs. *Id.* Additionally, Clanton contends that this incident did not further his drug trafficking efforts by "eliminating the competition" because he later began working as a drug courier for the same drug trafficking organization that had reportedly employed the undercover agent as a drug courier. *Id.*

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *United States v. Murillo*, 927 F.3d 808, 815 (4th Cir. 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984)). To demonstrate ineffective assistance of counsel, a petitioner must

6

show that counsel's representation was deficient, and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one").

The Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Counsel has a duty to communicate formal offers from the prosecution to the defendant, *Missouri v. Frye*, 566 U.S. 134, 145 (2012), and "to inform a defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forego," *Libretti v. United States*, 516 U.S. 29, 50–51 (1995). The Fourth Circuit has found that counsel may be ineffective where counsel's erroneous advice impacts the defendant's plea decision. *See United States v. Mayhew*, 995 F.3d 171, 177 (4th Cir. 2021) (grossly erroneous advice regarding sentencing exposure that caused a defendant to forgo a plea and take the case to trial was ineffective); *O'Tuel v. Osborne*, 706 F.2d 498, 499–501 (4th Cir. 1983) (holding that "gross

7

misinformation" from counsel about parole eligibility, which caused defendant to accept a guilty plea, constituted ineffective assistance of counsel).

Here, the Government contends that Clanton's ineffective assistance of counsel claims—and thus, his entire petition—must be dismissed because Clanton waived his right to challenge allegedly ineffective assistance known to him at the time of his guilty plea, and furthermore, Clanton cannot demonstrate the requisite prejudice. Gov't's Mem. [DE-1070] at 10–15. Should the court decide to grant Clanton's petition, the Government requests that it vacate Clanton's sentence in its entirety and conduct a plenary resentencing hearing. Gov't's Reply [DE-1090] at 1–3. Clanton objects to this request. Pl.'s Surreply [DE-1091] at 1–6.

### A. Claims I and II are barred by the terms of Clanton's appeal waiver.

The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013); *see also United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (noting that a petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary"). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. *Lemaster*, 403 F.3d at 220. As relevant here, Clanton's plea agreement states the following:

> 2. The Defendant agrees:
>
> c. To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-484] at 1–2. The Government argues that Claims I and II should be dismissed because the plea agreement explicitly waives Clanton's right to challenge ineffective assistance of counsel claims known to him at the time of his guilty plea, and the fact that Clanton's trial counsel failed to and/or refused to object to the Government's factual proffer reasonably would have been known to Clanton at the time of his plea hearing. Gov't's Mem. [DE-1070] at 10–12.

The undersigned agrees with the Government. In *United States v. Clanton*, the Fourth Circuit found that Clanton "knowingly and voluntarily waived his right to appeal." No. 21-4495, 2022 WL 2555973, at *1 (4th Cir. Mar. 29, 2022). Thus, all that remains at issue here is whether Claims I and II fall within the scope of that waiver. *Copeland*, 707 F.3d at 528. The Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No. 3:08-590-CMC, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). Additionally, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003)) (internal quotation marks omitted).

In the instant case, none of the above exceptions to a valid appeal waiver apply. Clanton's own brief acknowledges that he knew of the Count Two date discrepancy before and on the date of his plea hearing, raised the issue with counsel on at least two occasions prior to pleading guilty,

9

and was told not to worry about it at the plea hearing. Pl.'s Mem. [DE-1060] at 9–10. The record further shows that before Clanton entered his guilty plea, the court asked him if he had had a full and ample opportunity to discuss the criminal information and charges therein with counsel and offered him more time to discuss his plea or the case with counsel. Hr'g Tr. [DE-878] at 8, 12. Clanton affirmed that he had discussed the information and charges with counsel and declined extra time to speak with his attorney. *Id.* Clanton also failed to object to the Government's factual basis or to his attorney's lack of objection after hearing the proffer. *Id.* at 15–16. Thus, the record indicates that defense counsel's failure to object to the Government's proffer would have reasonably been known—and arguably, was known—to Clanton at the time of the plea hearing, and Clanton has offered no basis for the court to find otherwise. Accordingly, the appeal waiver in Clanton's plea agreement bars Claims I and II. *See Phillips v. United States*, No. 5:18-CR-435-D-1, 2022 WL 1721450, at *2 (E.D.N.C. May 27, 2022) (finding prosecutorial misconduct claim barred by appeal waiver where the petitioner knew of the basis of the claim at the time of his guilty plea).

To the extent that Clanton argues that Claims I and II fall outside the scope of his appeal waiver, that his appeal waiver was invalidated by counsel's erroneous legal advice, and that the appeal waiver cannot bar his claims as a matter of law, these contentions fail. Pl.'s Resp. [DE-1074] at 1–7. As previously described, the Fourth Circuit determined that Clanton waived his appeal rights knowingly and voluntarily, *Clanton*, 2022 WL 2555973, at *1, and the appeal waiver provides that Clanton may challenge ineffective assistance of counsel not known to him at the time of his guilty plea, [DE-484] at 1–2. While Clanton attempts to assert that his current purported understanding of the law was not "known" to him at the time of his plea hearing, this is simply not the applicable standard. *See Roberson v. United States*, No. 5:08-CR-380-02-F, No. 5:10-CV-305-

10

F, 2010 WL 3062603, at *2–3 (E.D.N.C. Aug. 4, 2010) (appeal waiver valid where defendant was "aware of the facts that formed the basis" of his claims); *Rohrbaugh v. United States*, No. 2:09-CV-39, No. 2:06-CR-19, 2010 WL 6307020, at *9 (N.D.W. Va. Nov. 15, 2010) (recognizing that ineffective assistance of counsel claims are barred by a valid waiver if the facts giving rise to the claims were known to the defendant at the time of his guilty plea). Moreover, Clanton's claim that his appeal waiver is barred by *United States v. McCoy*, 895 F.3d 364 (4th Cir. 2018) is plainly unsupported by the record because there was a sufficient factual basis for his guilty plea, as will be illustrated below.

### B. Clanton cannot demonstrate prejudice.

The Government argues that even if the court does not find that Claims I and II are barred by the appeal waiver, Clanton cannot demonstrate the requisite prejudice to sustain his ineffective assistance of counsel claims. Gov't's Mem. [DE-1070] at 12–15. Specifically, the Government emphasizes that Clanton has admitted that he committed the August 2013 robbery and has admitted under oath that he used or carried a firearm in furtherance of a drug trafficking crime. *Id.* Clanton avers that he has "clearly" demonstrated prejudice because he is "actually innocent" of the § 924(c) violation. Pl.'s Resp. [DE-1074] at 7–14.

Once more, the undersigned agrees with the Government. As the Fourth Circuit has previously highlighted, "dates are not an element of the crime." *United States v. Moss*, 812 Fed. App'x 108, 110 (4th Cir. 2020) (finding no fatal variance where Government charged defendant with possessing firearms on February 15, 2018, but only provided evidence he had done so in December 2017) (citing *United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994); *United States v. Benson*, 591 F.3d 491, 497 (6th Cir. 2010) (holding that "[w]hen an indictment uses the language 'on or about,' a constructive amendment does not exist when 'the proof offered regards

11

a date reasonably near the date alleged in the indictment'")); *see United States v. Miltier*, 882 F.3d 81, 93 (4th Cir. 2018) (explaining an indictment is not constructively amended by a mere variance, which occurs "when the facts proven at trial support a finding that the defendant committed the indicted crime, but the circumstances alleged in the indictment to have formed the context of the defendant's actions differ in some way nonessential to the conclusion that the crime must have been committed") (quoting *United States v. Floresca*, 38 F.3d 706, 709 (4th Cir. 1994) (overruled on other grounds)). Most significantly, though, in the instant case, Clanton, a former law enforcement officer, was originally charged in an extensive multi-count indictment for spearheading an elaborate drug trafficking conspiracy that lasted for several years. [DE-1]. Counts 1 and 2 of the superseding information are directly related to the criminal conduct underlying the original indictment, and the Government only dismissed the indicted charges against Clanton pursuant to terms of the plea agreement, which Clanton agreed to. [DE-484] at 7; Hr'g Tr. [DE-878] at 9–11. As is reflected in the PSR (which Clanton did not object to on factual grounds), Clanton possessed a firearm on multiple occasions throughout the conspiracy, including during the events described in the Government's proffer. *See* [DE-664] ¶¶ 39–41.

Clanton pleaded guilty to Counts One and Two on February 9, 2016. Hr'g Tr. [DE-878]. As described *supra*, before entering his plea, Clanton affirmed that he had a full and ample opportunity to discuss the criminal information and charges therein with counsel and declined more time to think about his plea or to further discuss his case with his attorney. *Id.* at 8, 12. Clanton also confirmed that he was pleading guilty of his own free will. *Id.* at 11. Notably, a "plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Jenerette v. United States*, No. 7:11-CR-156-FL-1, No. 7:13-CV-43-FL, 2014 WL 808923, at *2 (E.D.N.C. Feb. 28, 2014)

12

(quoting *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004)). Thus, by his plea, Clanton admitted guilt of the offense. *See id.*

> [A] defendant's solemn declarations in open court . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false. Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated—permitting quick disposition of baseless collateral attacks.

*Lemaster*, 403 F.3d at 221–22 (internal citations and quotation marks omitted). Clanton's claim that his trial counsel's failure to object to the Government's factual proffer renders him "actually innocent" of using and carrying a firearm during and in relation to a drug trafficking crime is contradicted by his sworn guilty plea, which he entered after confirming that he had discussed his case with counsel and understood the charges and penalties he faced for the underlying offenses.

Finally, the undersigned briefly notes that Clanton's citation to *United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999) for the proposition that "the robbery of cash alone [using a firearm] does not further a drug trafficking crime" and therefore, vacating his § 924(c) conviction is appropriate, Pl.'s Resp. [DE-1074] at 8, is unconvincing. Even if the events described in the Government's proffer do not establish that Clanton used and carried a firearm during and in relation to a drug trafficking crime, in *United States v. Hare*, the Fourth Circuit held that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound. 820 F.3d 93, 105–06 (4th Cir. 2016). The Fourth Circuit then extended the *Hare* ruling to "cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." *United States v. Crawley*, 2

13

F.4th 257, 263 (4th Cir. 2021). In doing so, the appellate court confirmed its intent to "join our sister circuits" who have held that courts may look to the plea agreement, indictment, and plea hearing to ascertain the predicate(s) to which a defendant pled guilty. *Id.* (citing *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (holding that, "although Navarro pled guilty only to conspiracy to commit Hobbs Act robbery and a § 924(c) violation, his plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes"); *United States v. Collazo*, 856 F. App'x. (Mem) 380, 384, 2021 WL 1997681, at *5 (3d Cir. May 19, 2021) (holding that, though the defendant only pleaded guilty to conspiracy to commit Hobbs Act robbery and violating § 924(c), "the indictment, plea agreement, and plea colloquy all make clear that Collazo committed Hobbs Act robbery and that the robbery was a predicate for his § 924(c) conviction")). Applying *Crawley* here, in reviewing the record—including the indictment, superseding information, plea agreement, and PSR—it is clear that Clanton pled guilty to using and carrying a firearm on multiple occasions throughout the nearly two-year-long conspiracy to traffic illegal drugs charged in Count One, not just on the single occasion described in the Government's proffer.

Given the foregoing, even if Clanton had successfully asserted that his counsel's performance was deficient under *Strickland*, he has not demonstrated that there is a reasonable probability that, but for counsel's allegedly deficient performance, the outcome of the proceeding would have been different. *Mendoza-Miguel v. United States*, No. 7:08-CR-127-BO-1, No. 7:10-CV-205-BO, 2010 WL 5353970, at *3 (E.D.N.C. Dec. 21, 2010) (citing *Glover v. United States*, 531 U.S. 198, 202–04 (2001)). Consequently, the court should grant the Government's motion to dismiss Claims I and II.

14

### C. If the court allows the petition, it should vacate Clanton's entire sentence and conduct a plenary resentencing hearing.

Alternatively, if the court allows Clanton's petition and denies the Government's motion to dismiss, the Government requests the court to vacate Clanton's sentence on all counts and conduct a plenary resentencing hearing. Gov't's Reply [DE-1090] at 1–3. Clanton objects to this request. Pl.'s Surreply [DE-1091] at 1–6. Clanton also attached Bureau of Prisons records and certificates to his Surreply to support his argument that simply vacating his § 924(c) conviction and the corresponding portion of his sentence is a sufficient remedy. Surreply Exs. [DE-1091-1].

Under § 2255(b), a district court may conduct plenary resentencing, discharge the prisoner, or "correct the sentence" without full resentencing. *See also United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). The remedial provisions of § 2255 "confer[ ] a 'broad and flexible' power to the district courts to 'fashion an appropriate remedy [after a sentence is vacated].'" *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) (*quoting United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992)). In the instant case, the Government argues that plenary resentencing is warranted because of the "sentencing package doctrine." Gov't's Reply [DE-1090] at 2.

> The sentencing package doctrine acknowledges that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the sentence package—that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Pearson*, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (internal quotations omitted). Thus, upon resentencing a defendant on the remaining convictions after the vacatur of one conviction, the district court may "reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Greenlaw v. United States*, 554 U.S. 237, 253, 128 S. Ct. 2559, 171 L. Ed.2d 399 (2008).

*United States v. Tyler*, No. 19-4908, 850 F. App'x 175, 177 (4th Cir. Mar. 23, 2021). The Government argues that the doctrine should apply here because the authorized statutory custodial sentence for Clanton's Count One conviction is five to forty years' imprisonment; Clanton was

15

charged as the lead defendant in a wide-ranging conspiracy implicating at least fourteen others; he did not lodge any objections to the PSR; and the original 195-month sentence accounted for all of Clanton's relevant conduct. Gov't's Reply [DE-1090] at 3. Clanton counters that his current Count One sentence is a sufficient punishment because the actual drugs he was convicted for transporting were fake, and there "was never any chance that any heroin or cocaine transported by Mr. Clanton would have even made it to the streets to be sold let alone caused serious bodily injury to anyone"; he only continued transporting the sham drugs because the undercover agents tricked him into thinking he was working for the cartel; since his conviction, he has shown "extreme remorse for his actions . . . [and] has been a model inmate and maintained infraction free conduct"; and the Government is trying to "split the baby" by requesting the court to "overlook its scheme" and still impose a 195-month sentence. Pl.'s Surreply [DE-1091] at 2–5.

"[W]hen a defendant's 924(c) conviction is invalidated, court of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." *United States v. Davis*, 588 U.S. 445, 469 (2019) (internal quotation marks omitted). This court has frequently applied the same approach when defendants' § 924(c) convictions have been vacated on collateral review. *See, e.g., Moss v. United States*, No. 4:14-CR-72-FL-2, No. 4:16-CV-82-FL, 2019 WL 5079713, at *2 (E.D.N.C. Oct. 10, 2019); *Sherifi v. United States*, No. 5:09-CR-216-FL-2, No. 5:16-CV-665-FL, 2020 WL 5026846, at *4 (E.D.N.C. Aug. 25, 2020); *Luna v. United States*, No. 7:12-CR-37-FA-5, No. 7:16-CV-215-FA, 2022 831427, at *3 (E.D.N.C. Mar. 18, 2022); *Rodriguez-Jasso v. United States*, No: 7:12-CR-37-FA-9, No. 7:19-CV-128-FA, 2023 WL 2702595, at *3 (E.D.N.C. Mar. 29, 2023); *Calderon v. United States*, No. 7:12-CR-37-FA-2, No. 7:16-CV-171-FA, 2022 WL 821152, at *3 (E.D.N.C. Mar. 17, 2022); *Martinez v. United States*, No. 7:12-CR-37-FA-8, No. 7:16-CV-

16

76-FA, 2022 WL 821154, at *3 (E.D.N.C. Mar. 17, 2022); *Salazar-Rodriguez v. United States*, No. 7:12-CR-37-FA-4, No. 7:16-CV-231-FA, 2022 WL 673708, at *3 (E.D.N.C. Mar. 7, 2022). Considering precedent and the arguments advanced by the Government, the undersigned recommends that the court follow the same approach in the instant case if Clanton's petition is allowed.

## IV. Conclusion

For the reasons stated above, it is recommended that that the motion to dismiss, [DE-1069], be allowed, and Clanton's petition, [DE-1059], be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 30, 2024** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written**

objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, the /6 day of August, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge